IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BYRON JOSE VALLEJOS CENTENO | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| J.L. JAMISON, et al. | : | NO. 26-7739 |

ORDER

AND NOW, this 19th day of October 2026, based on the undisputed facts and for the reasons stated in Buele Morocho v. Warden Phila. FDC, 189 F.4th 287 (3d Cir. 2026)[1] it is hereby ORDERED that:

(1) the Petition for Writ of Habeas Corpus by Byron Jose Vallejos Centeno is GRANTED;

(2) Byron Jose Vallejos Centeno is not subject to mandatory detention under 8 U.S.C. § 1225(b)(1) or (b)(2), and is instead subject to detention, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226(a);

(3) The Government shall RELEASE Byron Jose Vallejos Centeno from custody immediately and shall certify compliance

1. Respondents state in their response that petitioner is subject to mandatory detention under 8 U.S.C § 1225(b)(1), rather than 8 U.S.C § 1225(b)(2). While Buele Morocho concerned 8 U.S.C § 1225(b)(2), the court finds that petitioner is similarly situated to the petitioners in Buele Morocho. The Immigration and Nationality Act and the Fifth Amendment both require a bond hearing prior to detention. Buele Morocho, 189 F.4th at 304-307; see, e.g. Sanchez Ynoa v. Jamison, No. 26-cv-6726 (E.D. Pa. Sept. 9, 2026) (Marston, J.); Vargas Quejada v. Jamison, No. 26-cv-914 (E.D. Pa. Feb. 17, 2026) (McHugh, J.).

with this Order by filing said certification on the docket no later than 12:00 P.M. EST on October 20, 2026;

(4) Upon his release, the Government is required to return any personal property of Byron Jose Vallejos Centeno, including his identification documents, and any other belonging that he had on his possession when detained;

(5) The Government is temporarily enjoined from re-detaining Byron Jose Vallejos Centeno for seven days following his release from custody;

(6) If the Government chooses to pursue re-detention of Byron Jose Vallejos Centeno after that seven-day period, it must first provide him with a bond hearing under 8 U.S.C. § 1226(a), at which a neutral immigration judge shall determine whether detention is warranted pending the resolution of his removal proceedings;

(7) Pending the ordered bond hearing, the Government cannot remove, transfer, or otherwise facilitate the removal of Byron Jose Vallejos Centeno from the Eastern District of Pennsylvania before the ordered bond hearing. If the immigration judge determines that Byron Jose Vallejos Centeno is subject to detention under 8 U.S.C. § 1226(a), the Government may request permission from the undersigned to move Byron Jose Vallejos Centeno if unforeseen or emergency circumstances arise that require him to be removed from the District. Any such

request must include an explanation for the request as well as a proposed destination. The Court will then determine whether to grant the request and to permit his transfer; and

(8) The clerk of Court shall mark this case CLOSED.

BY THE COURT:

/s/ Harvey Bartle III
J.